FILED
SUPERIOR COURT
OF GUAM

2019 SEP -6 PM 1:45

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Case No. CF0380-17 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| CALVIN JESUS ANDERSON, | ) | |
| DOB: 12/18/1994 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 1, 2019 for a restitution hearing. Defendant Calvin Anderson ("Defendant") appeared with Alternate Public Defender Lisa Lorig. The People of Guam are represented by Assistant Attorney General Sean Brown. After considering the testimony and arguments of the parties, and the applicable law, the Court now issues its Decision and Order granting the People's Petition for Restitution.

## BACKGROUND

On July 3, 2019 a grand jury returned an indictment against the Defendant charging him with Attempted Murder (as a First Degree Felony) with a Special Allegation: Deadly Weapon Used in a Felony; Aggravated Assault (as a Second Degree Felony) with a Special Allegation: Deadly Weapon Used in a Felony; Aggravated Assault (as a Third Degree Felony) with a

Special Allegation: Deadly Weapon Used in a Felony; Assault (as a Misdemeanor); and, Reckless Conduct (as a Misdemeanor). (Indictment, Jul. 3, 2017). On January 30, 2019 the Defendant pled guilty to Aggravated Assault (as a Second Degree Felony) with the Special Allegation: Deadly Weapon Used in a Felony pursuant to a plea agreement. (Minute Entry, Jan. 30, 2019). As a condition of the plea agreement, the Defendant agreed to be held fully liable in restitution to the victim, Sammy Kette, in an amount to be determined at a later restitution hearing. (Plea Agreement at 5). On May 1, 2019, the Court held a restitution hearing. (Minute Entry, May 1, 2019). At the hearing the Court gave the People until May 10 to submit additional documentation related to a billing from Guam Specialist Group, and stated that it would take the matter under advisement the following business day and provide the Defendant with an additional opportunity to question the victim about any submitted documentation, if necessary. *Id.* The people did not submit any further documentation, and the Court subsequently took the matter under advisement.

## DISCUSSION

Guam's statutes provide that a person convicted of a crime may be ordered to pay restitution in the amount of:

> (a) Ten Thousand Dollars ($10,000.00), when the conviction is of a felony in the first or second degree; . . .
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

8 GCA § 80.50. This means that the court may order the Defendant to pay restitution up to ten thousand dollars without any specific findings, but must make findings for any higher amount,

not to exceed double the loss of the victim or gain of the Defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. Here the People seek thirty-nine thousand three hundred thirty-five and 89/100 dollars ($39,335.89) in restitution for the victim's losses, requiring the Court to make specific findings regarding those losses if it wishes to order restitution in that amount. *Id.* The People bear the burden of proving losses by the victim by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). Losses incurred by the victim must be "adequately proven by competent evidence". *People v. Faisao*, 2018 Guam 26 ¶ 19.

At the hearing, the victim testified that the Defendant shot him on December 14, 2016 and as a result of his gunshot injuries was hospitalized at Guam Memorial Hospital ("GMH") for a period of about two weeks. (Court Recording at 3:47:30, May 1, 2019). The Defendant's mother then testified to the particulars of the billing her son received as a result of his hospitalization and outpatient treatment. *Id.* at 3:53:30-4:21:00. The Court entered a number of exhibits which were already included in the People's Submission of Summary Report (Minute Entry, May 1, 2019). At the heart of this restitution matter are four specific billings:

1. A billing statement from GMH for services rendered between December 15 through December 21, 2016 in the amount of $28,724.30.
2. A billing statement from GMH for services rendered between December 14 through December 15, 2016 in the amount of $5,639.78.
3. A Patient History – Summary from Guam Specialist Group billing $4,932.27.
4. Receipts from the Treasurer of Guam and Mega Drug 1 in the amounts of $15.00, $10.50, and $5.95.

(Submission of Summary Report at 3-6).

The Court finds that the People have sustained their burden of showing the victim's losses with regard to billings one and two. The victim's mother testified that she did not ask for any specific procedures to be done while her son was being treated for his gunshot wound. She also testified that despite carrying health insurance, the insurance company refused to pay for

the services rendered by GMH. (Court Recording at 3:55:00); (*See* Submission of Summary Report at 5-6) (stating that the balance is not covered by Medical Insurance Plan ("MIP")). The People also provided a detailed breakdown of the services rendered by GMH. *Id.* at 7-18. After reviewing the records, the Court is satisfied that the services billed were necessary and related to the Defendant's shooting of the victim in the abdominal area, and that the victim had intended for insurance to cover the costs of treatment mitigating the amount of restitution, but was unable to do so. *Id.*

Likewise, the Court finds the People have sustained their burden with regard to the receipts from Mega Drug 1 and the Treasurer of Guam. The victim's mother testified that the receipt from the Treasurer of Guam was for the cost of filing a police report. (Court Recording at 4:07:00). She also testified that the receipts from Mega Drug 1were for painkillers her son needed during his treatment. (*Id.* at 4:01:00). The mother testified that she incurred these expenses out of pocket. *Id.* The Court agrees that these items were necessary for the victim's treatment and to initiate an investigation into the matter.

However, the Court's biggest concern is with the billing related to Guam Specialist Group. The People submitted only a summary report of the billing including a lump sum of $4,394.13 and two sums for Doctors Medina and Fegur in the amounts of $200.46 and $337.68. (Submission of Summary Report at 4). The Report states that the items were billed on April 30, 2017 with a service date of December 15, 2016—the same time the victim was receiving services at GMH. *Id.* When questioned about the services rendered by the specialist group, the victim's mother stated that she and her son had gone about four times to change the victim's wound dressings after the Defendant had been discharged from GMH. (Court Recording at 4:09:50-4:14:30). When asked about the December 15, 2016 service date, and how the

$4,394.13 billing was allocated, the victim's mother stated that she was not sure how the billing was calculated or what services were included in that amount; nor did she know whether the billing was for the same services rendered by GMH. *Id.* at 4:14:30-4:18:00. The Court requested that the People provide a more detailed breakdown of the billing at the hearing. *Id.* at 4:22:00. However, the People did not submit any further documentation. As a result, the Court is unable to review the particulars of the billing from Guam Specialist Group, nor can it ascertain whether the services were necessary or related to the Defendant's conduct against the victim. Accordingly, the Court finds that the People have not met their burden to prove the victim's losses with regard to the Guam Specialist Group, and declines to award restitution for this billing. *Waknine*, 543 F.3d at 556; *Faisao*, 2018 Guam 26 ¶ 19.

In summation, we find that the People have sustained their burden for the receipts from the Treasurer of Guam ($15), Mega Drug 1 ($16.45) and the two billings from GMH ($28,724.30 and $5,639.78). This amounts to a total of $34,395.53 in restitution owed to the victim.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART** the People's Petition for Restitution. The Defendant is ordered to pay the victim, Sammy Kette, restitution in the amount of Thirty-four Thousand Three Hundred Ninety-five and 53/100 dollars ($34,395.53). The Court will hold a sentencing hearing for the Defendant on September 19, 2019 at 2:00 p.m. At least one week prior to the hearing, the People shall submit an affidavit concerning whether the Defendant has cooperated with the Attorney General's Office pursuant to the Plea Agreement.

**IT IS SO ORDERED** this 6th day of September, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam